## MAX JURNICK v. THE MANHATTAN OPTICAL COMPANY OF NEW YORK.

### Submitted March 25, 1901—Decided June 10, 1901.

1. A declaration is sufficient on demurrer, if it set forth facts which, being proved and not avoided, would entitle the plaintiff to judgment.
2. The breach of a contract gives a right of action without proof of substantial loss.
3. If in a count setting forth several covenants of the defendant, the breach of one covenant be properly assigned, that is sufficient to support the count.

On contract. On demurrer to declaration.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff, *Warren Dixon.*

For the defendant, *Randolph Perkins.*

The opinion of the court was delivered by

DIXON, J. The first count of this declaration avers that, by an agreement made between the plaintiff and defendant, which was to run from July 1st, 1899, to January 1st, 1900, the plaintiff agreed to complete certain specified articles for

the defendant at certain stated prices, and the defendant agreed to advance to the plaintiff the salaries of the laborers and the money expended by the plaintiff in the purchase of materials to be used in the manufacture of said articles, and to furnish to the plaintiff the factory in which said articles should be manufactured; it further avers that, in consideration of the agreement, the plaintiff had taken possession of the factory, and had manufactured the articles as in said agreement he had undertaken to do, and was ready to complete his said contract, but that the defendant, on October 14th, 1899, refused longer to furnish said factory, and refused to permit the plaintiff further to manufacture said articles, and wrongfully discharged the plaintiff from any further performance of said agreement, whereby the plaintiff was deprived of the profits and advantages which he otherwise would have acquired by the completion of said contract. In this count there are other statements, somewhat indefinite and, perhaps, incongruous, but the foregoing averments are distinctly made.

The second count is, in substance, the same, but its averments are set forth with more brevity and legal precision.

To each of these counts the defendant demurs.

Ever since the statute of 4 and 5 *Anne, ch.* 16, a general demurrer cannot prevail if "sufficient matter appear in the pleadings, upon which the court may give judgment according to the very right of the cause." 1 *Ch. Pl.* 663. To the same effect is section 139 of our Practice act, which also abolished special demurrers. Hence a declaration is sufficient on demurrer, if it set forth facts which, being proved and not avoided, would entitle the plaintiff to judgment.

This principle being borne in mind, the objections made by the defendant may be briefly answered.

Respecting the first count, the first objection is that, as there is no averment that the defendant had agreed to accept and pay for the articles to be manufactured, therefore the plaintiff could not sustain any loss by the defendant's breach of contract. If this conclusion were logically sound, still it would not avail on general demurrer, because the breach of

a contract gives a right of action, regardless of substantial loss. *Furniture Co. v. Board of Education,* 29 *Vroom* 646.

The second objection is based on a supposed inconsistency between an allegation that the plaintiff had manufactured the articles as he had undertaken to do, and another, that the defendant had prevented him from completing the work. These allegations are not substantially inconsistent, for their joint import is that, until prevented by the plaintiff, the defendant had complied with his agreement in manufacturing the articles required.

A like remark disposes of the third objection.

The fourth and fifth objections are that the breaches assigned are broader than the contract. This is clearly not true, with regard to the furnishing of the factory, for the contract is to furnish a factory during the running of the agreement, from July 1st, 1899, to January 1st, 1900, and the breach alleged is a refusal to furnish the factory from and after October 14th, 1899. A single breach will support the count.

The objections to the second count are of similar character, but against that count they have less show of validity, and require no further comment.

The plaintiff is entitled to judgment on the demurrer.